# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**SHEILA SHUMPERT**                                                                                              **PLAINTIFF**

**V.**                                                                                            **CAUSE NO.: 1:06CV327**

**JIM JOHNSON, in his official
capacity as Sheriff of Lee County,
Mississippi**                                                                         **DEFENDANT**

## ORDER GRANTING MOTION IN LIMINE

This cause comes on for consideration on Defendant Jim Johnson's Motion in Limine to exclude certain portions of Dr. Lynn Harkins' deposition including a letter/report. The Court finds that the Motion should be granted. Specifically, the Court finds as follows:

The Defendant asserts that Dr. Lynn Harkins, a physician who treated Plaintiff Sheila Shumpert, read a letter/report in her deposition that, she concedes, was prepared at the Plaintiff's request. Rule 803(6) of the Federal Rules of Evidence states:

> **(6) Records of Regularly Conducted Activity.** A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions or diagnosis, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness or self-authenticated pursuant to Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

Defendant avers that this record was not prepared in a regularly conducted manner since the Plaintiff requested that Dr. Harkins prepare the letter/report. The Court agrees. The letter/report does not constitute a medical record in accordance with Federal Rule of Evidence

803(6). Thus, the Court finds that the Defendant's Motion in Limine to exclude the letter/report and any testimony related to it is **GRANTED**.

It is **SO ORDERED**, this the 19th day of June, 2008.

<u>**/s/ Sharion Aycock**</u>
**U.S. DISTRICT COURT JUDGE**