IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

SHELIA SHUMPERT

VS.   CAUSE NO. 1:06cv3ED

JIM JOHNSON, in his official capacity
as Sheriff of Lee County, Mississippi

JUN 27 2008

DAVID CREWS, CLERK
By: _____
                Deputy

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

Now that you have heard all of the evidence and the argument of counsel, it becomes my duty to give you the instructions of the court concerning the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.



Given SA

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of the court, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

In deciding the facts of this case you must not be swayed by bias or prejudice or favor as to any party. Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the court, and reach a just verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. The law is no respecter of persons, and all persons stand equal before the law and are to be dealt with as equals in a court of justice.

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your

attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is evidence that tends to prove or disprove the existence or nonexistence of certain other facts. The law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of the evidence. You may consider both kinds of evidence.

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony. In weighing the testimony of a witness you should consider his relationship to the plaintiff or to the defendant; his interest, if any, in the outcome of the case; his manner of testifying; his opportunity to observe or acquire

knowledge concerning the facts about which he testified; the witnesses candor, fairness and intelligence; and the extent to which the witness has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witnesses' present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

The burden is on the Plaintiff in a civil action such as this to prove every essential element of his claim by a "preponderance of the evidence." A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a

"preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

In determining whether any fact in issue has been proved by a preponderance of the evidence, the jury may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them. If the proof should fail to establish any essential element of Plaintiff's claim by a preponderance of the evidence, the jury should find for the Defendant as to that claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

SHEILA SHUMPERT                                                              PLAINTIFF

V.                                             CIVIL ACTION NO.: 1:06CV327-SA-SAA

JIM JOHNSON, in his official
capacity as Sheriff of Lee County,
Mississippi                                                      DEFENDANT

## JURY INSTRUCTION

The Court instructs the jury that Sheila Shumpert has a claim in this case against Jim Johnson, in his official capacity as Sheriff of Lee County, Mississippi. This claim is that Shumpert claims that Johnson discharged her because she exercised her free speech rights under United States Constitution Amendment One by speaking to an attorney.



Given (SA)
As Amended

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**SHEILA SHUMPERT**             PLAINTIFF

V.             CIVIL ACTION NO.: 1:06CV327-SA-SAA

**JIM JOHNSON, in his official
capacity as Sheriff of Lee County,
Mississippi**             DEFENDANT

## JURY INSTRUCTION

The Court instructs the jury that United States Constitution Amendment One guarantees to every citizen the right to freedom of speech.

I charge you that the right to freedom of speech includes the right to speak to any person on a matter of public interest.



Given (SA)
As Amended

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**SHEILA SHUMPERT**                                                         **PLAINTIFF**

V.                                         CIVIL ACTION NO.: 1:06CV327-SA-SAA

**JIM JOHNSON, in his official
capacity as Sheriff of Lee County,
Mississippi**                                                         **DEFENDANT**

## JURY INSTRUCTION

The Court instructs the jury that the United States Constitution, Amendment One protects the right to freedom of speech. I charge you that freedom of speech includes the right to make complaints about inmate mistreatment by police officers.

*Given (SA)
As Amended*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**SHEILA SHUMPERT**                                                                               **PLAINTIFF**

V.                                               CIVIL ACTION NO.: 1:06CV327-SA-SAA

**JIM JOHNSON, in his official
capacity as Sheriff of Lee County,
Mississippi**                                                               **DEFENDANT**

<u>**JURY INSTRUCTION**</u>

Regarding the defense of the Defendant that it fired Plaintiff for reasons that advance the efficient providing of law enforcement services, I charge you that the Defendant contends that the reason it discharged Sheila Shumpert was because she violated a law enforcement policy of Lee County, Mississippi. I charge you that if you find, from a preponderance of the evidence, that Sheila Shumpert did not violate law enforcement policy, then this defense is inadequate, and it will be your duty to return a verdict in favor of the Plaintiff, Sheila Shumpert.

*[Handwritten: Given (SA) As Amended]*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**SHEILA SHUMPERT**                                          **PLAINTIFF**

V.                                         CIVIL ACTION NO.: 1:06CV327-SA-SAA

**JIM JOHNSON, in his official
capacity as Sheriff of Lee County,
Mississippi**                                                  **DEFENDANT**

## JURY INSTRUCTION

If you return a verdict in favor of Sheila Shumpert on her claim of violation of her First Amendment Free Speech rights, then it will be your duty to award Ms. Shumpert actual damages.

The purpose of actual damages is to make Ms. Shumpert whole; that is, to compensate her for the actual damages she has suffered. Damages include the following elements: (1) Lost wages and benefits from the time of discharge up until the date of trial; and (2) compensatory damages for emotional pain, suffering, inconvenience, mental anxiety, humiliation, shame, loss of self-esteem, fear, embarrassment, depression and injury to reputation or professional standing which Ms. Shumpert suffered, if any.

*Given (SA)*
*As Amended*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**SHEILA SHUMPERT**                                                                              **PLAINTIFF**

V.                                                   **CIVIL ACTION NO.: 1:06CV327-SA-SAA**

**JIM JOHNSON, in his official
capacity as Sheriff of Lee County,
Mississippi**                                                                      **DEFENDANT**

## JURY INSTRUCTION

As jurors, it is not your job to second-guess the defendant's personnel decisions. You are not to concern yourself with whether you think the decision to discharge the plaintiff was fair or was a wise personnel decision. Your job is to determine whether the defendant's reason for terminating the plaintiff was because of the plaintiff's exercise of first amendment rights. You are not allowed to second-guess the defendant's judgment regarding what he considers necessary personnel policies or unacceptable behavior on the part of his employees. Your individual opinions as jurors of the wisdom or fairness of the defendant's employment decisions or employment policies cannot and must not play a role in your verdict. Your sole function, rather, is to decide whether or not the defendant acted in retaliation for the plaintiff's exercise of first amendment rights based on other instructions I will give to you.



Given (SA)
As Amended

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**SHEILA SHUMPERT**                                                                                      **PLAINTIFF**

V.                                                              **CIVIL ACTION NO.: 1:06CV327-SA-SAA**

**JIM JOHNSON, in his official**
**capacity as Sheriff of Lee County,**
**Mississippi**                                                                                            **DEFENDANT**

## JURY INSTRUCTION

The plaintiff claims that the defendant intentionally violated her constitutional rights by terminating her employment because of her exercise of the right of free speech as provided under the first amendment to the United States Constitution. She alleges that she was fired for telling an attorney, Kimla Johnson, that she had witnessed the assault of an arrestee, Larry Waites, by officers of the Tupelo Police Department. The defendant, Sheriff Jim Johnson, says that he did not fire the plaintiff because of what she told the attorney, but because the plaintiff's meeting with the attorney violated a policy of the Sheriff's Department that prohibits employees from discussing law enforcement matters with private attorneys unless the sheriff or a designated representative is present, or unless the sheriff gives the employee permission to meet privately with the attorney.

In this case, it is not disputed that the plaintiff met with the attorney without the sheriff or a designated representative being present and that the plaintiff did not receive permission from the sheriff to do so. The plaintiff contends that her meeting with the attorney without the sheriff's permission was not in violation of the sheriff's policy concerning contact with attorneys because Larry Waites had not hired Ms. Johnson to represent him.

*Given (SA)*
*As Amended*

A government officer such as Sheriff Johnson may impose reasonable restrictions on his employees' speech about matters related to their employment. Whether such a restriction on speech is reasonable and permissible is a question of law for the court to decide.

If you find that Sheriff Johnson's motivation for firing the plaintiff was to retaliate against her because of the content of her communication with the attorney rather than because she did not follow department policy—that is, because of *what* she said rather than the circumstances under which she said it—then her firing may have been in violation of her first amendment right to free speech. In order to prevail on her claim, the plaintiff must prove by a preponderance of the evidence that the content of her speech—as opposed to the circumstances of her speaking to the attorney in violation of the department policy—was a substantial or motivating factor in the decision to discharge the plaintiff from employment. To prove that the content of the plaintiff's speech was a substantial or motivating factor in the sheriff's decision, the plaintiff does not have to prove that the content of her speech was the only reason for the decision to terminate her employment. The plaintiff need only prove that the content of her speech made a substantial difference in the decision. In order to carry her burden, the plaintiff must prove as a threshold matter that the sheriff was aware of the content of her speech.

Even if the content of the plaintiff's speech was a substantial or motivating factor in the plaintiff's termination, the plaintiff's rights under the first amendment were not violated if the same decision to terminate her employment would have been made even in the absence of the plaintiff's protected speech. The defendant bears the burden of proof that the same employment decision would have been made even if the plaintiff had not engaged in protected speech.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**SHEILA SHUMPERT**                                                **PLAINTIFF**

V.                                                 CIVIL ACTION NO.: 1:06CV327-SA-SAA

**JIM JOHNSON, in his official**
**capacity as Sheriff of Lee County,**
**Mississippi**                                                  **DEFENDANT**

### JURY INSTRUCTION

If the plaintiff proves that the defendant violated her constitutional rights, the plaintiff must also prove by a preponderance of the evidence that the wrongful act of the defendant was a proximate cause of injury or damage to the plaintiff. To be a proximate cause of damage, an act must be both a "cause-in-fact" of such damage and a "legal cause" of such damage. An act is a cause-in-fact of an injury or damages if it appears from the evidence that the act played a substantial part in bringing about or actually causing the injury or damages. The plaintiff must also prove by a preponderance of the evidence that the wrongful act of the defendant was a legal cause of damage to the plaintiff. An act is a legal cause of the plaintiff's injuries or damages if it appears from the evidence that the injury or damage was a reasonably foreseeable consequence of the act or omission.

Even if the plaintiff proves that the defendant violated her constitutional rights, you are not allowed to presume that the plaintiff suffered damages as a result, and you may not award damages to the plaintiff simply because her rights were violated. The plaintiff cannot recover damages for the intrinsic value of the constitutional rights infringed. In order to recover any



Given (8A)

monetary damages, the plaintiff must prove that she suffered actual injury as a result of the violation of her constitutional rights.

The plaintiff alleges that she suffered emotional distress as a result of the alleged wrongful acts of the defendant. Damages for emotional distress cannot be presumed merely because a person's constitutional rights were violated. The plaintiff is required to present specific proof of compensable emotional distress. Emotional distress is more than mere upset, unhappiness, disappointment, anger, or hurt feelings, and you may not award damages for any of those things. To recover damages for emotional distress, the plaintiff must prove some specific discernible injury to her emotional state that affected her life in a significant or substantial way.

In evaluating the plaintiff's allegation of emotional distress, you may consider whether the plaintiff has presented corroborating testimony, psychological evidence, or medical evidence to support her claim of emotional distress, and you may discount the plaintiff's claim if such evidence is not presented. If the plaintiff claims to have suffered from some physical ailment that she contends was caused or brought on by her alleged emotional distress, you may not award damages related to that physical ailment in the absence of medical evidence establishing that the physical ailment was caused by emotional distress related to the incident in question.

In evaluating the plaintiff's allegation that she suffered emotional distress as a result of the incident in question, you may consider whether the plaintiff had pre-existing mental or emotional problems and whether the plaintiff experienced other possible causes of emotional distress, such as marital problems, family stress, one or more chronic diseases, other health problems, mental problems, witnessing a disturbing event, or other stressful situations and, if so, whether it is more likely that those events, rather than her employment termination, were the true cause of the plaintiff's emotional distress.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**SHEILA SHUMPERT**                                                **PLAINTIFF**

V.                                        CIVIL ACTION NO.: 1:06CV327-SA-SAA

**JIM JOHNSON, in his official
capacity as Sheriff of Lee County,
Mississippi**                                                 **DEFENDANT**

<u>**JURY INSTRUCTION**</u>

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate—to avoid or minimize—those damages.

If you find the defendant is liable and that the plaintiff has suffered damages, the plaintiff may not recover for any item of damage which she could have avoided through reasonable effort. If you find by a preponderance of the evidence the plaintiff unreasonably failed to take advantage of an opportunity to lessen her damages, you must deny her recovery for those damages which she could have avoided had she taken advantage of the opportunity.

You are the sole judge of whether the plaintiff acted reasonably in avoiding or minimizing her damages. An injured plaintiff may not sit idly by when presented with an opportunity to reduce her damages. However, a plaintiff is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. The defendant has the burden of proving the damages which the plaintiff could have mitigated. In deciding whether to reduce the plaintiff's damages because of her failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the defendant has satisfied his burden of proving that the plaintiff's conduct was not reasonable.



Given (SA)
As Amended

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**SHEILA SHUMPERT**                                                         **PLAINTIFF**

V.                                          CIVIL ACTION NO.: 1:06CV327-SA-SAA

**JIM JOHNSON, in his official
capacity as Sheriff of Lee County,
Mississippi**                                                                       **DEFENDANT**

## JURY INSTRUCTION

If you conclude that the plaintiff should be awarded damages for lost earnings, you must deduct from the amount of lost earnings any amounts that the plaintiff earned from the date of her termination until today, any amounts of money that the plaintiff saved by virtue of being unemployed or less than fully employed (for example, the cost of transportation or child care), and any amounts that the plaintiff could have earned by taking reasonable steps to obtain other employment.



Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe the Plaintiff should, or should not, prevail in this case.

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching a verdict if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times you are not partisans. You are judges--judges of the facts in this case. Your sole interest is to seek the truth from the evidence in the case.

Upon retiring to the jury room, you should first select one of your number to act as your foreman or forewoman who will preside over your deliberations and will be your spokesperson here in court. A form of verdict has been prepared for your convenience.

7

**[Explain verdict]**

You will take the verdict form to the jury room and when you have reached a unanimous agreement as to your verdict, you will have your foreman fill it in, date, and sign it, and then return to the courtroom.

If, during your deliberations, you should desire to communicate with the Court, please reduce your message or question to writing signed by the foreperson, and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.