IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

SHELIA SHUMPERT                                                                      PLAINTIFF

V.                                                                CAUSE NO.: 1:06CV327-SA-JAD

JIM JOHNSON, in his official
capacity as Sheriff of Lee County, Mississippi                                        DEFENDANT

## MEMORANDUM OPINION

Presently before the Court is the Defendant's motion for judgment as a matter of law, or, alternatively, for a new trial. After consideration of the record and the parties' briefs, the Court denies the Defendant's motion.

### I.   BACKGROUND

On November 25, 2006, Plaintiff Sheila Shumpert was working at the Lee County Juvenile Detention Center when she noticed approximately six Tupelo police cruisers at the Lee County Jail. Plaintiff entered the Lee County Jail and observed several Tupelo police officers in the jail cell with an arrestee, Larry Waites. She observed what appeared to be an officer hitting Waites while other officers held the arrestee. Shumpert testified that she heard Waites screaming for the beating to stop. Shumpert testified that based on things she saw and heard, she was concerned about Waites' safety.

Shumpert immediately reported the incident to Supervisor Stuart Dodds, and later reported the incident to Major Anthony Hill with the Tupelo Police Department. According to Shumpert, in their conversation, Hill gave her advice to "tell the truth and follow [her] heart." Shumpert testified that in hopes of preventing Larry Waites from being further harmed, she contacted Tupelo city councilwoman Nettie Davis, who contacted Kimla Johnson, an attorney, who, in turn, contacted Plaintiff. At Davis' request, Plaintiff met with Kimla Johnson and

informed the attorney about the incident. Subsequently, at the request of Kimla Johnson, Plaintiff prepared an affidavit describing what she had observed during the Waites' assault.

Three days after the assault, Shumpert met with the Jail Administrator, Tony Carleton and discussed the incident with him and informed him that an attorney had contacted her. After Captain Carleton asked Shumpert if she told the attorney what she had just told him, Carleton stated that Sheriff Johnson was going to be mad at her. When Shumpert asked Carleton why, Carleton mentioned that contact with an attorney was a violation of a policy.

Sheriff Johnson testified that Captain Tony Carleton and Sergeant Steve White "brought this to my attention, that this policy[1] had been violated." At trial, when counsel for Plaintiff asked, "and you never looked into - - you never investigated the incidents other than what he told you," Sheriff Johnson responded, "No." On November 30, 2006, Shumpert was notified that she was terminated because she violated the Lee County Sheriff's Department policy in discussing the alleged incident with attorney Kimla Johnson without first securing the sheriff's authorization to do so. Shumpert brought suit against the Sheriff alleging that she was terminated for exercising her First Amendment rights.

The trial concluded on June 27, 2008. On that day, the jury rendered a verdict for the Plaintiff, Shelia Shumpert, in the amount of $34,000.

Following the verdict, the Court propounded to the jury the following interrogatories:

1. Did Plaintiff prove that the exercise of her First Amendment speech did not materially and substantially interfere with the efficient operation of the Sheriff's Department?

---

[1] The policy in question states, "interviews between a deputy or employee and a complainant's (criminal) or plaintiff's (civil) attorney about a cause arising when the deputy's employment by the department will be done only in the presence of or with the knowledge and consent of the sheriff or his designee." The policy language is unclear; however, Sheriff Johnson explained at trial that the policy is intended to cover interviews between an employee and an attorney unless the sheriff or his designee is present.

2

To which, the jury responded, "Yes."

2. Did plaintiff prove that she had a significant interest in speaking to attorney Kimla Johnson without a sheriff's department representative present?

   To which the jury responded, "Yes."

3. Did plaintiff prove that the sheriff did not have a significant interest in prohibiting his employees from speaking to private attorneys without notifying him and allowing a representative to be present?

   To which the jury responded, "No."

4. Did the plaintiff prove that the defendant, Jim Johnson, in his official capacity as Sheriff of Lee County, did not have a significant interest in enforcing his policy under the facts of the case?

   To which the jury responded, "No."

Following the trial, the Court ordered each party to submit a post-trial brief to address the balancing of an employee's right to free speech on matters of public concern against the employer's need for providing efficient public service. See Pickering v. Board of Educ., 391 U.S. 563, 572-73, 88 S. Ct. 1731, 20 L. Ed. 2d 811 (1968) ("Pickering balancing test"). After consideration of the parties' briefs and the record, the Court concluded that the Plaintiff's interest in free speech outweighed the employer's stated interest of efficient operations and, therefore, adopted the jury's verdict and award of $34,000.00 in favor of the Plaintiff [96].

The Defendant subsequently filed his motion for judgment as a matter of law or, alternatively, motion for a new trial, and the Court is prepared to rule on that motion.

## II. Judgment as a Matter of Law

*A. Standard of Review*

Rule 50 of the Federal Rules of Civil Procedure contains the applicable standard for granting judgment as a matter of law. It states:

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue the court may:
> (A) Resolve the issue against the party; and
> (B) Grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

FED. R. CIV. P. 50(a). When a party renews a motion for judgment as a matter of law after trial, "in ruling on the renewed motion, the court may: (1) allow judgment on the verdict, if the jury returned a verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law." FED. R. CIV. P. 50(b).

When applying this standard, the court must consider all of the evidence in the light most favorable to the nonmovant. Torns v. Pennington, 2008 U.S. Dist. LEXIS 69023, *3 (N.D. Miss. September 11, 2008). All reasonable factual inferences must be drawn in the nonmovant's favor. Id. The court only grants judgment as a matter of law when "when the facts and inferences point so strongly and overwhelmingly in favor of [the moving] party that the court believes that reasonable [jurors] could not arrive at a contrary verdict." Boeing Co. v. Shipman, 411 F.2d 365, 374 (5th Cir. 1969).

A motion for judgment as a matter of law, made after the jury has returned a verdict, is a challenge to the legal sufficiency of the evidence. Int'l Ins. Co. v. RSR Corp., 426 F.3d 281, 296 (5th Cir. 2005); Stoddard v. West Telemarketing, L.P., 2009 U.S. App. LEXIS 6019, *6 (5th Cir. March 20, 2009). It is not this court's job "to weigh conflicting evidence and inferences or to

4

determine witness credibility; that responsibility lies with the jury alone." Saucier v. Coldwell Banker Joseph M. Endry Realty, 302 Fed. Appx. 302, 304 (5th Cir. 2008) (citing Miller v. Butcher Distribs., 89 F.3d 265, 268 (5th Cir. 1996)). In reviewing the jury's decision, it is important for the court to "be mindful of [its] role, which is not to ask whether [it] would have reached the same conclusion as the jury, but rather to ask whether a reasonable jury could have reached the same result." Jordan v. Ector County, 516 F.3d 290, 300 (5th Cir. 2008).

The Defendant's argument for judgment as a matter of law, despite being divided into separate prongs, is essentially that there was insufficient evidence from which a reasonable jury could find that the Defendant's decision to terminate the Plaintiff was motivated by the content of her speech. The Court will address each aspect of the Defendant's argument in turn, keeping in mind the standard of review recited above and the principle that motivation is a question of fact and, therefore, reserved for the jury. Wheeler v. Mental Health & Mental Retardation Auth. of Harris County, 752 F.2d 1063, 1069 (5th Cir. 1985).

   B. *Knowledge of the Speech*

First, Defendant argues that there was insufficient evidence from which a reasonable jury could find that the Defendant was aware of the content of the speech in question, and, therefore, since he was unaware of the content, he could not have fired her for it.

The Defendant is correct in his assertion that a lack of knowledge of the content of the speech at issue precludes the possibility of termination because of the speech. Lukan v. North Forest ISD, 183 F.3d 342, 346 (5th Cir. 1999). However, in this case, a reasonable jury could infer that the Defendant knew of the content of the speech and conclude that the reason given for the Plaintiff's termination was pretextual. See, e.g., Jordan, 516 F.3d at 300. As the trier of fact, the jury had the authority to assess the credibility of the witnesses; it was therefore free to

5

discredit the Sheriff's stated motivation for firing the Plaintiff and infer a different one from his testimony as a whole and the other evidence presented at trial. See Brady v. Fort Bend County, 145 F.3d 691, 714 (5th Cir. 1998).

Evidence supporting a reasonable inference of a retaliatory motive was presented at trial. The Sheriff testified that the only other offense during his tenure which had merited immediate termination was when an employee drove a department vehicle under the influence of alcohol; a jury could reasonably believe that driving a department vehicle under the influence of alcohol is far more severe than speaking to an attorney about a departmental matter and that, therefore, the two infractions would not reasonably merit the same punishment. Further, it would not be unreasonable for a jury to believe that the Sheriff's stated motivation of promoting departmental efficiency was pretextual, since he testified that he did not, in his investigation of the matter, seek an explanation from the Plaintiff or the attorney, or attempt to determine why the Plaintiff spoke with the attorney.

The Sheriff also testified that Carleton did not tell him what the Plaintiff told the attorney, but he testified that Carleton told him about the incident with Waites two days before the Plaintiff was terminated, which is the same day that the Plaintiff told Carleton about talking to the attorney.

Carleton testified that he didn't remember whether he had spoken with the Sheriff about the incident, but he also testified that he would be afraid of getting "in trouble" with the Sheriff if he spoke to a city council member about incidents in the jail. Additionally, the Plaintiff testified that Carleton asked her if what she told him was what she had told the attorney, and, after she

6

responded affirmatively, told her that he anticipated that the Sheriff would be "mad" once he was informed that she had spoken with an attorney.[2]

Given the testimony cited above, it would not be unreasonable for a jury to infer that the Sheriff knew that the Plaintiff communicated with the attorney about the Waites incident, at least to a degree sufficient to motivate her termination.

This is not a case where a "mere statement of plaintiff's belief" is being used to prop up an inference. Montgomery v. Trinity Ind. School Dist., 809 F.2d 1058, 1062 (5th Cir. 1987). The question before the court is whether the jury could reasonably find, by only a preponderance of the evidence, that the content of the Plaintiff's speech was a substantial or motivating factor in the Sheriff's decision to fire her. The evidence offered at trial could reasonably support a jury's inference in either direction on this issue. As such, the court must defer to the jury's verdict.

C. *Direct Evidence of Motive*

The Defendant also argues that, even if the Defendant was aware of the content of the speech, there was insufficient basis for the jury's finding of a content-based motive for the termination, in that there was no direct evidence of a retaliatory motive and the circumstantial evidence offered by the Plaintiff was insufficient to establish a retaliatory motive. Direct evidence of a retaliatory motive is not necessary for the jury's verdict to be reasonable; a lack of direct evidence as to retaliatory motive "is not fatal to a First Amendment retaliation claim." Brady v. Houston Ind. School Dist., 113 F.3d 1419, 1424 (5th Cir. 1997).

Retaliatory motive may be inferred from a chronology of events, and the inference must simply be "plausible." Charles v. Woody, 180 Fed. Appx. 533, 534 (5th Cir. 2006). In this case,

---

[2] See Alexander v. Eeds, 392 F.3d 138, 146 (5th Cir. 2004) (stating that a fact finder could infer a causal connection between speech and adverse employment action when an employee received a warning that he could be fired because of the speech in question). A statement that the Sheriff would be "mad" is not tantamount to a statement that the Plaintiff could be fired, but the tone of the statements is similar.

7

the chronology of events may support the reasonableness of the jury's verdict. The Fifth Circuit has stated that, to establish a First Amendment retaliation claim, a plaintiff may "rely upon a chronology of events from which retaliation may plausibly be inferred." Brady, 113 F.3d at 1424; see also Ajao v. Bed Bath and Beyond, Inc., 265 Fed. Appx. 258, 264 (5th Cir. 2008). However, "timing alone does not create an inference that the termination is retaliatory." Beattie v. Madison County School Dist., 254 F.3d 595, 605 (5th Cir. 2001). "[T]he length of time is probative of causation, but it is not alone determinative." Jordan, 516 F.3d at 300-01.

The Plaintiff was fired only two days after she told Carleton about her conversation with the attorney, and the Sheriff testified that he learned of the assault on Waites from Carleton on the same day that the Plaintiff testified that she told Carleton about her meeting with the attorney. The chronology of events, combined with the other circumstantial evidence cited above, provides enough support for a reasonable juror to conclude that the Sheriff's stated reason for firing the Plaintiff was pretextual, that he knew what she communicated to the attorney, and that it was a substantial or motivating factor in her termination.

*D. Legitimate Explanation*

The Defendant also argues that the jury's verdict was unreasonable because of the legitimate explanation offered for the Plaintiff's termination – that she had violated a departmental policy. However, as explained above, the jury is free to weigh the evidence and the credibility of the witnesses as they see fit. Saucier, 2008 U.S. App. LEXIS 25004 at *5. A reasonable jury could conclude from the evidence presented that the Sheriff's stated reason for terminating the Plaintiff was pretextual. See Jordan, 516 F.3d at 300-01. "This is not a case where the only evidence is the sequence of events or a plaintiff's subjective belief." Id. Even if the Sheriff's proffered justification for terminating the Plaintiff is plausible, or even compelling,

a reasonable jury could conclude from the evidence presented that the Sheriff would not have taken the same action in the absence of the protected conduct. See Id.

   *E. No Reason for Retaliation*

Finally, the Defendant argues that the jury's verdict was unreasonable because there was no evidence of a reason for the Sheriff to retaliate, in that the speech at issue concerned actions of the Tupelo Police Department, rather than the Sheriff's Department. The Defendant's characterization of the alleged incident as only involving the Tupelo Police Department is inaccurate. Both the Sheriff and Carleton testified that two Sheriff's Deputies were present during the assault on Waites. In fact, Sheriff's Deputy Cherry testified that he and another deputy accompanied the members of the Tupelo Police Department off-camera with the prisoner during the alleged incident. The Plaintiff testified that once a prisoner was brought in to the adult detention facility, he was the Sheriff's Department's responsibility. All of the above testimony could reasonably support a jury's belief that the Sheriff's department had reason to retaliate.

**III.    MOTION FOR A NEW TRIAL**

Alternatively, the Defendant moves for a new trial. Rule 59 of the Federal Rules of Civil Procedure permits this court to grant a new trial. The rule states that "[t]he court may, on motion, grant a new trial on all or some of the issues… after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." FED. R. CIV. P. 59(a)(1)(A). This court has observed in the past that "[a] new trial may be granted, for example, if the district court finds that the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in the course of the trial." Torns, 2008 U.S. Dist. LEXIS 69023 at *5 (citing Eyre v. McDonough Power Equip., Inc., 755 F.2d 416, 420-21 (5th Cir. 1985); Westbrook v. Gen. Tire & Rubber Co., 754 F.2d

9

1233, 1241 (5th Cir. 1985); Carson v. Polley, 689 F.2d 562, 570-71 (5th Cir. 1982); Martinez v. Food City, Inc., 658 F.2d 369, 372-74 (5th Cir. 1981); Conway v. Chem. Leaman Tank Lines Inc., 610 F.2d 360, 363 (5th Cir. 1980)). "Although a judge faced with a motion under Rule 59 may not simply substitute his judgment for that of the jury, he need not view the evidence in the light most favorable to the verdict winner." Vazanna v. City of Greenville, 2007 U.S. Dist. LEXIS 9227, *4-*5 (N.D. Miss. February 8, 2007). Rather, the court has "the latitude to reweigh the evidence and [it] is free to accept or reject evidence and to reassess the credibility of witnesses and proof." Id.

The Defendant offers two arguments in support of his motion for a new trial. First, he argues that the court should grant a new trial because the jury's verdict is contrary to the law and the evidence. "A motion for a new trial based on evidentiary grounds should not be granted unless, at a minimum, the verdict is against the great weight of the evidence, not merely against the preponderance of the evidence." Torns, 2008 U.S. Dist. LEXIS 69023 at *5. The court has already engaged in an examination of the evidence presented at trial in its consideration of the Defendants motion for judgment as a matter of law. For the same reasons supporting the court's decision that a reasonable jury could find, by a preponderance of the evidence, that the content of the Plaintiff's speech was a substantial or motivating factor in the Defendant's decision to terminate the Plaintiff, the court finds that the jury's verdict was not against the great weight of the evidence.

His second argument is that the court should grant a new trial because the court erred in instructing the jury that it must return a verdict for the plaintiff if it found that the plaintiff did not violate the department policy at issue, thereby directing the jury to determine the meaning of the policy and permitting the jury to find for the plaintiff on a basis other than that the Sheriff

terminated the Plaintiff's employment in retaliation for the content of her speech. The jury instruction at issue read:

> Regarding the defense of the Defendant that it fired Plaintiff for reasons that advance the efficient providing of law enforcement services, I charge you that the Defendant contends that the reason it discharged Sheila Shumpert was because she violated a law enforcement policy of Lee County, Mississippi. I charge you that if you find, from a preponderance of the evidence, that Sheila Shumpert did not violate law enforcement policy, then this defense is inadequate, and it will be your duty to return a verdict in favor of the Plaintiff, Sheila Shumpert.

The court has the responsibility of fully and correctly instructing the jury on the applicable law of each case. Torns, 2008 U.S. Dist. LEXIS 69023 at *7 (citing Banc One Capital Partners Corp. v. Kneipper, 67 F.3d 1187 (5th Cir. 1995)). The court is entitled to "considerable latitude in fashioning jury instructions so long as the charge taken as a whole is accurate and not misleading." Torns, 2008 U.S. Dist. LEXIS 69023 at *7.

The first instruction given to the jury stated, "You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole." A later instruction stated that, in order to prevail, the Plaintiff must prove, by a preponderance of the evidence, "that the content of her speech – as opposed to the circumstances of her speaking to the attorney in violation of the department policy – was a substantial or motivating factor in the decision to discharge the plaintiff from employment."

The disputed instruction poses no danger of misinformation when combined with the other instructions. "Inasmuch as the court's instructions are to be considered as a whole, not in isolation, this point of error is not well-taken." Vazzana, 2007 U.S. Dist. LEXIS 9227 at *6. As such, the Defendant's motion for a new trial is denied.

## IV. CONCLUSION

For the reasons stated above, the Defendant's motion for judgment as a matter of law or a new trial is **DENIED**.

The Defendant also filed a motion to suspend briefing on the issues of front pay and reinstatement, pending the resolution of his motion for judgment as a matter of law or a new trial [102]. That motion is now **MOOT**.

The Defendant's response to the Plaintiff's pending motion for front pay in lieu of reinstatement [98, 105] shall be filed within ten (10) days of the entry of the order accompanying this opinion. The Plaintiff's reply shall be filed within five (5) days after filing of the Defendant's response.

So **ORDERED**, this the 20th day of April, 2009.

**/s/ Sharion Aycock**
**U.S. DISTRICT COURT JUDGE**